UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Christopher Demont Owens, | ) | C/A No.  8:09-1223-JFA-BHH |
| | ) | |
| Petitioner, | ) | |
| v. | ) | ORDER |
| | ) | |
| Warden of McCormick Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Christopher Demont Owens, a state prisoner proceeding without assistance

of counsel, seeks habeas corpus relief under 28 U.S.C. § 2254.

The Magistrate Judge assigned to this action[1] has prepared a Report and

Recommendation and opines that the respondent's motion for summary judgment[2] should be

granted.  The Report sets forth in detail the relevant facts and standards of law on this matter,

and the court incorporates such without a recitation and without a hearing.

The petitioner was advised of his right to file objections to the Report and

Recommendation, which was entered on the docket on June 30, 2010.  Petitioner filed timely

objections to the Report.

___

[1]  The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil
Rule 73.02.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has
no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews
v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions
of the Report and Recommendation to which specific objection is made, and the court may accept, reject,
or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the
Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b)(1).

[2]  An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner
of the summary dismissal procedure and possible consequences if he failed to adequately respond to the
motion for summary judgment. Petitioner responded to the motion.

PROCEDURAL HISTORY

The petitioner brought this action on May 6, 2009. The respondent filed his first motion for summary judgment on August 3, 2009. The Magistrate Judge assigned to this action issued the first Report and Recommendation on January 12, 2010 recommending that the respondent be granted summary judgment and the petition dismissed. The undersigned vacated the Report because one of the grounds raised in the petition had not been addressed in the Report or the respondent's first motion for summary judgment.

The respondent filed a second motion for summary judgment on March 24, 2010. The petitioner filed a timely response in opposition. The Magistrate Judge's second Report suggests that the respondent's motion for summary judgment should be granted and the petition dismissed.

BACKGROUND

The petitioner is an inmate at the South Carolina Department of Corrections serving a Life sentence and twenty years after a jury convicted him in October 2001 for Murder and Attempted Armed Robbery.

Petitioner filed a direct appeal[3] of his criminal conviction, which the South Carolina

---

[3] Appellate counsel for petitioner (Joseph L. Savitz) raised the following issue in his *Anders* brief: (1) the judge erred by preventing defense counsel from arguing, "there was another witness in this case the state chose not to call...You didn't hear from Mr. Love," since, by the state's own admission, Love was the triggerman." *Anders v. California*, 386 U.S. 738 (1967). Petitioner filed a *pro se* brief adding the following grounds to his appeal: (2) the trial court erred by denying his motion for a directed verdict and new trial motion; and (3) the trial court lacked subject matter jurisdiction based upon the state's failure to present evidence of malice.

Court of Appeals denied on May 21, 2003.[4]

### The First PCR

The petitioner signed his first application for state Post Conviction Relief (PCR) on

December 9, 2003,[5] raising the following grounds:

(1)    Ineffective assistance of trial counsel;

(2)    Ineffective assistance of appellate counsel;

(3)    Violation of constitutional rights; and

(4)    Subject matter jurisdiction.

On August 28, 2007, PCR Judge Goldsmith held an evidentiary hearing with attorney

Charles Brooks appearing on behalf of the petitioner.

In its order filed September 21, 2007, the PCR court (Judge Goldsmith) denied the

petitioner's PCR. The court found that under *Strickland v. Washington*, 466 U.S. 668 (1984)

and *Cherry v. State*, 300 S.C. 115 (S.C. 1989), that trial counsel was not ineffective for not

challenging the invalid indictments or arrest warrants; not showing him the indictments; not

objecting to the erroneous malice charge; and not moving for a mistrial or new trial because

of inconsistent verdicts. Finding that the petitioner had not established any constitutional

violation or deprivation, the PCR court denied and dismissed the first PCR with prejudice.

---

[4] *See State v.Owens*, Op. No. 2003-UP-120 (S.C. Ct. App., filed May 21, 2002). The South Carolina
Court of Appeals dismissed the appeal after its review of the record under *Anders v. California,* 386 U.S. 738
(1967) and *State v. Williams*, 305 S.C. 116 (1991). The petitioner did not seek rehearing or certiorari to the
South Carolina Supreme Court.

[5] The Magistrate Judge notes in her Report that although the petitioner signed the PCR on December 9,
2003, the application was not received by the respondent until October 27, 2005. The Magistrate Judge notes
that there does not appear to be any explanation on the record for the almost two-year delay, but it does not
appear to be an issue and the respondent has not argued that the statute of limitations bars this action.

**Appeal of the PCR**

Petitioner appealed the PCR court's order through a petition for a Writ of Certiorari.

Counsel for petitioner filed a motion to be relieved as counsel and a *Johnson*[6]  petition

raising one issue:[7]

> (1)     Whether defense counsel was ineffective for failing to call
> petitioner's sister, Antrinette Farr, as an alibi witness where Farr
> testified at the PCR hearing that she was talking on the
> telephone with the petitioner at the time the murder occurred
> which corroborated petitioner's defense that he left the other
> young men before they committed the robbery which ended in
> the victim being killed, since there was no viable strategic
> reason not to call Farr as an alibi witness.

On February 4, 2009, the South Carolina Supreme Court denied the Writ in a two-

page order noting that the Court had considered the entire record as required by *Johnson v.*

*State*, 294 S.C. 210 (1988).

STANDARDS OF LAW

Summary judgment is appropriate only "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there

is no genuine issue as to any material fact and that the moving party is entitled to a judgment

as a matter of law." Fed.R.Civ.P. 56(c). Rule 56(c) mandates entry of summary judgment

"against a party who fails to make a showing sufficient to establish the existence of an

element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

---

[6] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988) (applying the factors in *Anders v. California*, 386 U.S. 738 (1967) to post-conviction appeals).

[7] The Magistrate Judge notes that in the South Carolina Supreme Court's order denying petitioner's writ, the court references petitioner's *pro se* response to its order.  However, a copy of such response is not in the record and the respondent states that it has not been served upon it.

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255(1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed.R.Civ.P. 56(e).

Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, *see, e.g.*, *Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990).

The AEDPA AND 28 U.S.C. § 2254

Petitioner filed his timely petition on May 6, 2009. Therefore, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") apply to this case. *See* 28 U.S.C. § 2244(d)(1).

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d).

In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254 (e)(1).

Section 2254 requires an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State.  28 U.S.C. § 2254(b)(1)-(A). The Fourth Circuit has held that in order to satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir.1997);  *O'Sullivan v. Boerckel*, 526 U.S. 838, (1999).

The exhaustion requirement under § 2254 may still be satisfied where petitioner failed to squarely present the issue to the highest state court "if it is clear that the claim[s] would

6

be procedurally defaulted if the petitioner attempted to raise [them] at this juncture." *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *see also Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *Teague v. Lane*, 489 U.S. 288, 298 (1989); *Matthews*, 105 F.3d at 911.

However, "'[f]ederal habeas review of a state prisoner's claims that are procedurally defaulted under independent and adequate state procedural rules is barred unless the prisoner can show cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law or prove that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Lawrence v. Branker*, 517 F.3d 700, 714 (4th Cir. 2008) quoting *McCarver v. Lee*, 221 F.3d 583, 588 (4th Cir. 2000) (citing *Coleman*, 501 U.S. at 750).

## THE PETITIONER'S GROUNDS FOR RELIEF

As an initial matter, the Magistrate Judge notes that the petitioner filed a separate motion to withdraw without prejudice, to hold in abeyance, or for an evidentiary hearing. Petitioner seeks to withdraw or hold in abeyance any ruling on Grounds 4 and 6 raised in his petition which allege that the PCR court erred in finding that trial counsel was not ineffective for not hiring an investigator and a ballistics expert.

Petitioner filed a second state PCR on May 10, 2010 allegedly based on newly discovered evidence, namely an affidavit from one of the state's key witnesses who was also a victim in this case which the petitioner contends was not discovered until after this habeas action was filed. The petitioner has filed an affidavit of Demario Nesbitt, dated July 13, 2009.

7

In its response to the motion to stay, the respondent suggests the possibility that petitioner's second PCR will be dismissed with prejudice because it is both successive and untimely. The respondent concedes that all the claims in the petition are properly exhausted and ripe for consideration by this court.

The petitioner relies on *Rhines v. Webber*, 544 U.S. 269 (2005) in his motion to stay. In *Rhines*, the Supreme Court instructed district courts to dismiss the entire mixed petition without prejudice to effectuate the requirement of total exhaustion. In limited circumstances, the district court may stay a habeas proceedings: good cause for failure to exhaust, no indication that the petitioner engaged in dilatory tactics, and evidence that the unexhausted claims are potentially meritorious.

As the Magistrate Judge properly notes, *Rhines* is inapplicable here because the petition is not mixed—all of petitioner's claims, including Grounds 4 and 6, are exhausted. Moreover, even if the state PCR court reviewed the claims on the merits of the petitioner's second PCR, any ruling of the district court that the claims raised in this petition are without out merit would not preclude the state PCR court from reaching a contrary conclusion and granting relief. *See Ivey v. Catoe*, 36 Fed. Appx. 718 (4th Cir. 2002) (holding the denial of a motion to stay a federal habeas petition based on a successive collateral petition pending in state court was not abuse of discretion). The Magistrate Judge correctly opines that the petitioner's motion to stay should be denied.

The present federal habeas petition was filed in this court on May 6, 2009. Respondents concede that the record supports a finding of exhaustion under 28 U.S.C. Section 2254(b)(1). Petitioner raises the following Grounds for relief:

(1)     The PCR court erred by not granting petitioner's motion for a continuance;

(2)     The PCR court order should be vacated and remanded back to the circuit court due to the judge's order not specifically addressing all petitioner's issues raised in the application and at the PCR hearing;

(3)     The PCR court erred by finding that trial counsel was not ineffective for not motioning the trial court to quash the murder indictment after the state failed to present an essential element of malice aforethought of the crime of murder during the petitioner's trial;

(4)     The PCR court erred by finding that trial counsel was not ineffective for not hiring an investigator;

(5)     The PCR court erred by not finding trial counsel ineffective for failing to investigate and inform the court that jury members were speaking to the victim's family during trial;

(6)     The PCR court erred by not fining trial counsel ineffective for failing to hire and call a ballistics expert;

(7)     The PCR court erred in finding that appellate counsel was not ineffective for failing to raise issues that were properly preserved for appellate review;

(8)     The PCR court erred by finding that trial counsel was not ineffective for not motioning the trial court to quash the murder indictment when petitioner was indicted as principle, but was tried under the hand-of-one-hand-of-all doctrine without the state first showing the existence of the common design and the participation of the petitioner; and

(9)     Whether defense counsel was ineffective for failing to call petitioner's sister, Antrinette Pharr, as an alibi witness, where Pharr testified at the PCR hearing that she was talking on the phone with the petitioner at the time the murder occurred which corroborated petitioner's defense that he left the other young men before they committed the robbery which ended in the victim being killed, since there was no visible strategic reason not to call Pharr as an alibi witness.

## DISCUSSION

As the Magistrate Judge properly notes, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was

"contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2).

When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000); *see also Humphries v. Ozmint*, 397 F.3d 206 (4th Cir. 2005) ; *McHone v. Polk*, 392 F.3d 691 (4th Cir. 2004).  Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### Ground 1

Petitioner asserts that the PCR court erred in denying his motion for a continuance. The respondent contends that this issue is procedurally barred and fails on the merits.  The Magistrate Judge notes that this issue was not raised in appellate counsel's *Johnson* petition. Although petitioner contends he raised it in his *pro se Johnson* petition, such *pro se* petition is not in the record and the respondent was not served with it.  This court agrees with the Magistrate Judge's conclusion that errors in state PCR proceedings cannot serve as the basis for federal habeas corpus relief.  *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988). Accordingly, Ground 1 is without merit and is denied.

**Ground 2**

Petitioner alleges that the PCR court failed to address all of his PCR claims and that this court should remand the matter back to state court for the PCR court to address the claims. As the Magistrate Judge notes, a state prisoner has no federal constitutional right to PCR proceedings in state court and any alleged infirmities in state PCR proceedings cannot serve as the basis for federal habeas corpus relief. *See Bryant*, 848 F.2d at 493. Ground 2 is denied.

**Ground 3**

Petitioner alleges that trial counsel was ineffective for failing to move to quash the murder indictment after the State had failed to prove malice during trial and because the indictment did not include "hand-of-one-hand-of-all" language. He alleges that the evidence at trial was inconsistent and that "malice could not have been presented through the weapon fired by a co-conspirator."

The PCR court found that trial counsel was not ineffective for failing to move to quash the indictment. Trial counsel did move for a directed verdict for the State's failure to prove the elements of murder and armed robbery. However, the trial court denied the motion. The PCR court specifically held that the indictment was sufficient and that the "hand-of-one-hand-of-all" theory is not an element of murder and was not required to be set forth in the indictment. Moreover, the sufficiency of the indictment would not have affected the subject matter jurisdiction of the trial court. *State v. Gentry*, 610 S.E.2d 494 (S.C. 2005). Because petitioner cannot prove prejudice by his counsel's failure to move to quash the

11

indictment, petitioner cannot satisfy the *Strickland* standard.  Moreover, the PCR court's decision was not contrary, and not an unreasonable application of clearly established federal law.  Ground 3 is without merit.

## Ground 4

In this Ground, petitioner contends his trial counsel was ineffective for failing to hire an investigator or ballistics expert because the State could not identify the murder weapon. The PCR court found that trial counsel was not ineffective and that trial counsel articulated a valid trial strategy: petitioner's defense at trial was that he could not have been present at the crime scene.  For this reason, trial counsel saw no reason to hire an investigator or ballistics expert.  The Magistrate Judge opines that petitioner has failed to prove that there is a reasonable probability that the result of the proceeding would have been different but for trial counsel's alleged error.  *Rose v. Lee*, 252 F.3d 676, 693 (4th Cir. 2001).

Finding no violation of the *Strickland* standard, Ground 4 is denied.

## Ground 5

Here, petitioner contends that trial counsel was ineffective for failing to investigate a claim that jurors spoke with the victim's family members.  The PCR court concluded that the testimony of the petitioner and Antrinette Farr was not credible with regard to their allegations of juror misconduct.  As the Magistrate Judge properly notes, credibility determinations are factual determinations by the PCR court and as such, they are presumed to be correct absent clear and convincing evidence to the contrary.  See 28 U.S.C. Section 2254(e)(1); see also Wilson v. Ozmint, 352 F.3d 847, 858–60 (4th Cir. 2003).  The petitioner

12

cannot show that trial counsel was ineffective or that petitioner was prejudiced by trial counsel's alleged failure to investigate any allegations of juror misconduct. This ground is denied.

### Ground 6

This ground is the same issue raised in Ground 4 and, as such, is denied.

### Ground 7

Petitioner alleges ineffective assistance of appellate counsel for failing to challenge on appeal the trial court's denial of a directed verdict motion and motion for a new trial. The PCR court found appellate counsel was not ineffective for failing to raise certain issues, noting that petitioner failed to name any specific issues that he wanted appellate counsel to raise. The Magistrate Judge suggests that this claim was not fairly presented to the PCR court and is procedurally barred from federal habeas review. This court agrees and Ground 7 is denied.

### Ground 8

This ground is the same as stated in Ground 3, which this court finds is without merit.

### Ground 9

Petitioner alleges his trial counsel was ineffective for failing to call petitioner's sister, Antrinette Phar, as an alibi witness to testify that she was on the phone with petitioner when the robbery and murder occurred. The PCR court found trial counsel's testimony more credible on this issue and this court presumes this finding to be correct, and not contrary to clearly established federal law. Moreover, petitioner has failed to show that trial counsel

was ineffective or that he was prejudiced by trial counsel's failure to call Ms. Phar as an alibi

witness. This ground is denied.

### CONCLUSION

After a careful review of the record, the applicable law, the Report and

Recommendation, and the petitioner's objections thereto, the court finds the Magistrate

Judge's recommendation to be proper and incorporates the Report herein by reference as

consistent with this order. The respondent's motion for summary judgment is hereby granted

and the petition is denied. The petitioner's motions to withdraw, stay or hold an evidentiary

hearing (ECF No. 33) is denied.

IT IS FURTHER ORDERED that a certificate of appealability is denied because the

petitioner has failed to make "a substantial showing of the denial of a constitutional right."

28 U.S.C. § 2253(c)(2).[8]

IT IS SO ORDERED.

January 19, 2011                                        Joseph F. Anderson, Jr.
Columbia, South Carolina                               United States District Judge

---

[8] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."